UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DETAVIA WILSON, | § |
| | § |
| *Plaintiff*, | § |
| | § Civil Action No. 3:19-CV-01875-X |
| v. | § |
| | § |
| STATE FARM MUTUAL | § |
| AUTOMOBILE INSURANCE | § |
| COMPANY, ROBERT NASH, and | § |
| YULONDA JONES, | § |
| | § |
| *Defendants*. | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court are defendant State Farm Mutual Automobile Insurance Company (State Farm), Robert Nash, and Yulonda Jones's *Motion to Dismiss* [Doc. No. 5] and plaintiff Detavia Wilson's *Response to Show-Cause Order and Motion for Remand* [Doc. No. 8]. After careful consideration, and for the reasons provided below, the Court **DISMISSES WITHOUT PREJUDICE** the unripe complaint due to lack of subject matter jurisdiction.[1]

I.

Wilson was injured in a vehicle accident in 2016. She claims to have incurred past medical expenses of $21,259.00, future medical expenses of $231,500.00, and other damages. Wilson settled with the tortfeasor's insurance company for policy

---

[1] Under section 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

limits of $30,000.00. And Wilson's insurer, State Farm, approved the settlement. Wilson then filed a claim on her underinsured-motorist coverage with State Farm. Wilson communicated with insurance adjuster Robert Nash, whose supervisor was insurance adjuster Yulonda Jones. Nash sought five years of medical records from Wilson. Wilson then sued State Farm, Nash, and Jones in County Court at Law Number Three of Dallas County for violating Texas Insurance Code sections 541.060(a)(2), (a)(3), and (a)(7). State Farm removed the case to this Court, claiming that nondiverse defendants Nash and Jones were improperly joined, resulting in complete diversity of the parties and federal court jurisdiction.

The two motions ripe for the Court's decision are the defendants' *Motion to Dismiss* and Wilson's *Motion to Remand*. The motion to dismiss makes four primary arguments. First, Nash and Jones were improperly joined because federal courts overwhelmingly hold that adjusters are not liable under Texas Insurance Code sections 541.060(a)(2), (a)(3), and (a)(7). Second, no viable claims exist against the defendants because there is no judgment regarding the tortfeasor's liability to Wilson. Third, the removed pleading fails to meet the "*TwIqbal*" federal pleading standard. And finally, the only proper claim for benefits is a declaratory judgment action against State Farm.

Enter Wilson's *Motion to Remand*, which makes two key arguments. First, the Insurance Code claims against the adjusters are proper under *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*[2] because "person" under Chapter

---

[2] 966 S.W.2d 482 (Tex. 1998).

541 can include such individuals as adjusters. Second, Wilson argues that the Fifth Circuit held in *Gasch v. Hartford Accident & Indemnity Company*[3] that adjusters can be liable under the Insurance Code.

## II.

Ordinarily, this Court would first take up the motion to remand and address the motion to dismiss only if it retained the case. That is because rulings on motions to dismiss are typically merits rulings resulting in dismissal with prejudice. And a court should not rule on the merits of a case that doesn't belong in that court.

Here, however, there is something even more fundamental at issue. State Farm hints at it in its final point in its motion to dismiss—that a declaratory judgment is the proper path. These claims are not yet ripe because Wilson has not yet obtained the predicate adjudication of the tortfeasor's liability to her. Only then can she present a ripe underinsured-motorist claim to State Farm, who could then potentially be liable for breaching the relevant Insurance Code provisions.

Underinsured-motorist claims can be tricky because they are a hybrid of tort law and contract law. And here we have the additional overlay of statutory duties on good faith handling of claims. Fortunately, the Texas Supreme Court has put it in simple terms:

> The [underinsured-motorist] insurer is obligated to pay damages which the insured is "legally entitled to recover" from the underinsured motorist. As discussed above, we have determined that this language means the [underinsured-motorist] insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. Neither

---
[3] 491 F.3d 278 (5th Cir. 2007).

3

requesting [underinsured-motorist] benefits nor filing suit against the insurer triggers a contractual duty to pay. Where there is no contractual duty to pay, there is no just amount owed.[4]

So there needs to be a judgment establishing the tortfeasor's liability to Wilson.

But how is that possible given that Wilson already settled with the tortfeasor for policy limits (which State Farm blessed)? *Brainard* answered that too:

> Of course, the insured is not required to obtain a judgment against the tortfeasor. The insured may settle with the tortfeasor, as Brainard did in this case, and then litigate [underinsured-motorist] coverage with the insurer. But neither a settlement nor an admission of liability from the tortfeasor establishes [underinsured-motorist] coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance.[5]

So if Wilson can't litigate with the tortfeasor because they settled, Wilson can litigate with State Farm under a declaratory judgment claim based on the underinsured-motorist policy.

As it stands now, there is no judgment establishing the tortfeasor's liability to Wilson. As a result, any statutory bad-faith claim against State Farm and its adjusters is premature because "[n]either requesting [underinsured-motorist] benefits nor filing suit against the insurer triggers a contractual duty to pay."[6]

---

[4] *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (internal citations omitted).

[5] *Id.* (internal citations omitted).

[6] *Id.*

4

III.

For these reasons, the proper remedy is to dismiss the complaint as unripe, which is a **DISMISSAL WITHOUT PREJUDICE** due to lack of subject matter jurisdiction.[7] All relief not expressly granted is denied.

**IT IS SO ORDERED** this 15th day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[7] *See Borg v. Metro. Lloyd's of Tex.*, No. W:12-CV-256, 2013 WL 12091651, at *3 (W.D. Tex. Feb. 21, 2013) ("Until the Plaintiff obtains a judgment establishing the uninsured motorist liability, Defendant is not liable for the [underinsured/uninsured motorist] benefits claim and consequently cannot be liable for statutory penalties for delaying payment. For these reasons, the claim is not ripe, and the Plaintiff's claim under the Prompt Payment Act is DISMISSED without prejudice for lack of subject matter jurisdiction.").